**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term**

**Grand Jury Sworn in on May 7, 2012**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| v. | : | **GRAND JURY ORIGINAL** |
| | : | |
| **STEPHANIE ELLISON,** | : | **VIOLATIONS:** |
| | : | **18 U.S.C. § 1956(h)** |
| Defendant. | : | **(Conspiracy to Launder Monetary** |
| | : | **Instruments)** |
| | : | |
| | : | **FORFEITURE:** |
| | : | **21 U.S.C. § 853; 18 U.S.C. § 982** |

**I N D I C T M E N T**

The Grand Jury charges that:

**COUNT ONE**

Between in or about April 2011 through on or about December 11, 2012, within the District of Columbia, the State of Maryland, and elsewhere, **STEPHANIE ELLISON** did knowingly and willfully combine, conspire, confederate and agree together with another co-conspirator known to the United States, to violate:

Title 18, United States Code, Section 1956(a)(1)(A)(i), that is, by conducting and attempting to conduct financial transactions affecting interstate commerce, that is, the purchase of, and payment for, a 2006 Maserati, VIN ZAMCE39AX60026024 and a 2009 750LI BMW, VIN WBAKB83579CY57756, which involved the proceeds of a specified unlawful activity, that is, the sale and distribution of controlled substances, knowing that the property involved in these financial transactions represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of specified unlawful activity; and

Title 18, United States Code, Section 1956(a)(1)(B)(i), that is, by conducting and attempting to conduct financial transactions affecting interstate commerce, that is, the purchase of, and payment for, a 2006 Maserati, VIN ZAMCE39AX60026024, a 2007 Harley Davidson Night Rod motorcycle, VIN 1HD1HHZ167K809720, and a 2009 750LI BMW, VIN WBAKB83579CY57756, which involved the proceeds of a specified unlawful activity, that is, the sale and distribution of controlled substances, knowing that the property involved in these financial transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity;

all in violation of Title 18, United States Code, Sections 1956(h).

(**Conspiracy to Launder Monetary Instruments**, in violation of Title 18, United States Code, Section 1956(h))

## CRIMINAL FORFEITURE ALLEGATION

1.      Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property pursuant to 18 U.S.C. Section 982(a)(1). The property subject to forfeiture includes various items of jewelry and $5,000 in U.S. currency found on December 11, 2012, inside the a safe at the defendant's residence and a forfeiture money judgment for a sum of money equal to the value of any property, real or personal, involved in the violation and any property traceable to such property.

2.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

2

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property that cannot be divided

without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any

other property of the defendant up to the value of the property described above.

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Section 853 and Title
18, United States Code, Section 982)

A TRUE BILL:

FOREPERSON.

Attorney for the United States in
And for the District of Columbia.